UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC and
FEROL, LLC

        Plaintiffs,

v.                                                     Case No. 10-C-893

CITY OF MILWAUKEE,

        Defendant.

**DEFENDANT CITY OF MILWAUKEE'S FINAL PRETRIAL REPORT**

Defendant City of Milwaukee, by counsel, City Attorney Grant F. Langley, by Assistant City Attorney Adam B. Stephens, hereby offers the following in preparation of the final pretrial conference scheduled in the above-captioned matter for January 23, 2015 at 1:00 p.m.

## I. Brief summary of the case and facts

The genesis of this case stems from the City's denial of plaintiffs' applications for Class B tavern and tavern amusement licenses in the summer of 2010 for the proposed premises Silk East at 730 North Old World Third Street and Satin at 117 West Pittsburgh Avenue, Milwaukee, Wisconsin. Both of these applications denied by the City of Milwaukee Common Council in September, 2010. The instant case was filed shortly thereafter and plaintiff Six Star Holdings, LLC made another three unsuccessful attempts to open a gentleman's club at the 730 North Old World Third Street location from 2011 through 2013.

Thereafter, the district court largely granted the Defendant City of Milwaukee's motion for summary judgment in an order dated March 18, 2013 filed as Document 78. However, the district court did find that two previous ordinances regarding theaters and public entertainment clubs that had been repealed in March, 2012 were unconstitutional and that plaintiff Six Star Holdings, LLC was entitled to damages for the time that it had applied for a theater license and the City not hear or issue the license between November, 2011 and March, 2012. (Plaintiff Six Star Holdings, LLC has since abandoned this claim and will offer no evidence as to damages).

In its first decision, the court invited plaintiff Ferol, LLC to introduce evidence that would also allow it to seek damages based upon the perceived unconstitutionality of the former theater and public entertainment club licenses of the City of Milwaukee. Ferol LLC did so by declaration of Jon Ferraro filed as Document 79. Thereafter, the district court issued a second decision and order as Document 87.

The only questions to be determined by a jury in the above-captioned matter is premised on the August 28, 2013 district court decision and order filed as Document 87. First, would Ferol, LLC have operated a dry gentlemen's club that offered exotic dance entertainment without serving alcoholic beverages to patrons at 117 West Pittsburgh Avenue from September, 2010 to March, 2012 but for the existence of the former theater (MCO Chp. 83) and public entertainment club (MCO Chp. 108) ordinances of the City of Milwaukee? Second, if so, what damages is Ferol, LLC entitled to?

There is no question for the jury to determine relative to any of plaintiff Six Star Holdings, LLC's claims for alleged damages because that plaintiff has since abandoned its claim.

## II. Statement of the issue

Would plaintiff Ferol, LLC have operated a dry gentlemen's club that offered exotic dance entertainment without serving alcoholic beverages to patrons at 117 West Pittsburgh Avenue from September, 2010 to March, 2012 but for the existence of the former theater (Milwaukee Code of Ordinances § 83-1) and the former public entertainment club license ordinance (Milwaukee Code of Ordinances § 108-5)? If the plaintiff Ferol, LLC proves by a preponderance of the evidence that it would have operated a dry gentlemen's club but for the existence of the theater and public entertainment club licenses, what damages is Ferol, LLC entitled to recover for the period in which those former ordinances prevented Ferol from operating a dry gentlemen's club?

## III. Witnesses

1. Rebecca Grill (former City of Milwaukee Deputy City Clerk and License Division Manager) or designee.
2. Jon Ferraro (member of Silk management team).
3. Scott Krahn (member of Silk management team).
4. Joe Modl (member of Silk management team).
5. Craig Pleotz (member of Silk management team).

6. Any and all witnesses identified by the plaintiffs in the above-captioned matter.

7. Any pertinent rebuttal witnesses.

**IV.  Expert witnesses**

1. Paul Rodrigues, Chortek, LLP.

**V.  Exhibits**

Defendant hopes to coordinate the submission of one set of exhibits with the plaintiff in this matter. For purposes of this pretrial report, the defendant's exhibits will start with "1000," and will be marked thereafter so that the plaintiff has the option to mark its exhibits between 1 and 999.

**VI.  Depositions**

At this juncture the parties anticipate that all testimony of al witnesses will be live and therefore deposition transcripts will not be read into the record as substantive evidence. Deposition transcripts will likely be used for impeachment or refreshment purposes during the course of the trial. The defense will submit portions of relevant depositions in its exhibit list.

**VII.  Estimated trial time**

If the defendants agree with the plaintiffs' assessment the trial will likely take three days to complete.

**VIII.  Stipulations**

The defendants will continue to cooperate with the plaintiffs and enter into reasonable stipulations prior to trial.

Relative to the Defendant's exhibits, plaintiff will stipulate to the authenticity and admissibility of all of the named exhibits in the Defendant's Exhibit List filed contemporaneously with this report, with the one exception of Exhibit 1001 (an e-mail of Jon Ferraro to City of Milwaukee Alderman Joseph Dudzik dated September 8, 2010), wherein plaintiffs will stipulate to the authenticity of the email, but not its admissibility.

## IX. Proposed *Voir Dire* questions

1. Where do you live?

2. Are you married, and if so, for how long?

3. What is your trade or occupation, by whom are you employed, and for how long have you been so employed? What other trades or occupations have you had?

4. If you are married, what is your spouse's occupation, by whom is your spouse employed, and for how long has your spouse been so employed? What other trades or occupations has your spouse had?

5. Do you have any children? If so, what are their ages and marital status?

6. Briefly outline the extent of your formal education.

7. Briefly outline the extent of your spouse's formal education.

8. Have you or a member of your immediate family ever made a legal claim or an insurance claim against anyone, or has anyone ever made either of such claims against you?

9. Have you had any prior jury service? On what types of cases did you serve?

10. The Plaintiff began this lawsuit by filing a Complaint. The fact that Plaintiff began this lawsuit is not, in and of itself, any indication of the merits of this case. Do you understand that just because the Plaintiff sued does not mean that he is right, or that he is entitled to recover any money damages?

11. Since the Plaintiff is the accuser, he has the opportunity to put his case on first. Will you wait to hear all of the evidence before reaching any conclusions?

12. The judge will instruct you on the law as it applies to this case. Will you be able to follow these instructions on the law even if you personally disagree with the law?

13. Do you have any family or close friends who work for any governmental body or governmental agency?

14. This case involves a proposal to offer exotic dance entertainment at a proposed gentleman's club. Is there anything about the nature of this case which may make it difficult for you to sit on the jury?

15. If the Plaintiff fails to establish or prove that the Defendants were at fault, will you be able to send the Plaintiff out of this Court without any money?

16. Have you read any articles or seen or heard any programs on radio or television about this case? Do you recall what you either read or saw about this case? Would this cause you to favor one side over the other?

6

Case 2:10-cv-00893-LA   Filed 01/16/15   Page 6 of 8   Document 97

17. You have heard the types of questions which have been asked of both yourself and other jurors. Do you know of anything in your background which we have not talked about that may cause you some difficulty in acting as an impartial juror in this particular case?

18. If you were a party to this case, that is a person suing or being sued, would you want a person of your present state of mind to sit on the jury?

## X. Proposed Verdict Form.

See attached Proposed Special Verdict form.

## XI. Elements of Claims and Defenses.

The City of Milwaukee's defense is simply that plaintiff Ferol, LLC never intended to open a dry gentlemen's club between 2009 and March, 2012 at 117 West Pittsburgh Avenue, Milwaukee, Wisconsin and that Ferol LLC is not entitled to any damages.

## XII. Proposed Jury Instructions.

The defendants have no objection to any of the court's standard civil jury instructions and offer the following suggestions:

| Instruction No. | Description |
|---|---|
| 1.01 | Functions of the court in the jury |
| 1.04 | Evidence |
| 1.06 | What is not evidence |
| 1.10 | Evidence limited to certain parties |
| 1.11 | Weighing the evidence |
| 1.12 | Definition of "direct" and "circumstantial" evidence |
| 1.13 | Testimony of witnesses (deciding what to believe) |
| 1.14 | Prior inconsistent statements or acts |
| 1.17 | Number of witnesses |
| 1.21 | Expert witnesses |
| 1.26 | Dismissed/withdrawn [plaintiff] |
| 1.27 | Burden of proof |

1.31         No need to consider damages instruction

Dated at Milwaukee, Wisconsin, this 16th day of January, 2015.

>                             GRANT F. LANGLEY
>                             City Attorney
>
>                             s/ADAM B. STEPHENS
>                             ADAM B. STEPHENS
>                             State Bar No. 1033108
>                             Assistant City Attorney
>                             Attorney for Defendant
>                             City of Milwaukee

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
asteph@milwaukee.gov
211268/1081-2010-2885