# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Six Star Holdings, LLC,
and Ferol, LLC

        v.                        Case No. 2:10-cv-893

City of Milwaukee

## Plaintiffs' Final Pretrial Report

The Plaintiffs, by their attorneys, The Jeff Scott Olson Law Firm, S.C., by Jeff Scott Olson, in compliance with Local Rule 16(c)(1), respectfully submit the following pretrial report in anticipation of the final pretrial conference scheduled for January 23, 2015.

**Short Summary of the Facts, Claims, and Defenses**

This case, brought under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, asserts that the City violated the rights of the Plaintiffs as a result of ordinances that regulated erotic dance entertainment within the city limits. Plaintiffs had originally sought injunctive relief as well as damages; however, while the lawsuit was pending, the City repealed and amended the challenged ordinances, mooting the claim for injunctive relief.

In 2009 and 2010, Plaintiff Ferol applied for a tavern license and tavern amusement license to operate as a gentlemen's club. It withdrew its 2009 application in

the face of community opposition; it went through the application hearing in 2010, and its application was denied, as was the application of Plaintiff Six Star. Plaintiffs' assertion that requiring one who sought to start a new business presenting erotic dance entertainment at a tavern to go through the public hearing process was unlawful under a variety of theories was denied by the Court which granted summary judgment to the City on Plaintiffs' claims involving the tavern and tavern-amusement ordinances on March 18, 2012 (Document 78).

In the same decision, the Court also granted summary judgment to Six Star, ruling that the theater ordinance was unconstitutional as applied to it. It left open Ferol's challenges to the theater ordinance and the public entertainment club ordinance, ruling that Ferol had not established that it had concrete plans to open a non-alcohol-serving club under either ordinance, and permitting Ferol to supplement the record in that regard. On August 28, 2012, the Court granted Ferol's motion for partial summary judgment on its claims of unconstitutionality of the theater and public entertainment club ordinances "to the extent that if Ferol establishes at trial that it would have operated a dry gentlemen's club but for the existence of the theater and public entertainment club ordinances, it will be entitled to recover damages for the period in which the ordinances prevented it from doing so." (Document 87)

**Statement of the Issues**

The only issue remaining after the Court's two summary judgment rulings is the question of damages. Theoretically, both Plaintiffs could seek damages, but inasmuch as both corporations are alter-egos of the same group of investors, informally called, for purpose of this litigation, "The Silk Group," and The Silk Group would have opened at only one location or the other, the Plaintiffs have elected to pursue damages only on behalf of Ferol, LLC.

The two questions the jury will have to answer at trial are: (1) if the unconstitutional theater and public entertainment ordinances had not existed, would Ferol, LLC have opened as an exotic dance club without a liquor license, and (2) if so, what is the amount of lost profit to which it is entitled?

The end date for any such award of damages is agreed between the parties to be March 12, 2012, the date on which the unconstitutional ordinances were repealed and replaced.

**Names and Addresses of Witnesses Expected to Testify**

**Jon Ferraro**
N 52 W 21488 Taylor's Woods Drive
Menomonee Falls, WI 53051

**Scott Krahn**
1143 Mary Hill Circle
Hartland, WI 53209

**Joe Modl**
W186 N9895 Rivers Bend Circle
Germantown, WI 53022

**Jennifer Spaeth**
3748 N 88th St
Milwaukee WI 53222

**Craig Ploetz**
4777 Mallard Ct
Colgate, WI 53017

**Chris Lichtenberg**
N 2901 Hwy 47
Appleton, WI 54915

**Ricky Lea**
194 Cramer Street
Dousmann, Wisconsin

**Jade Simone**
4381 W. Flamingo
Las Vegas, NV 89103

**John Peters**
19395 W. Capitol Drive, Suite 103
Brookfield, WI 53045

**Gregory Wojczak**
12602 W. Hampton Avenue
Butler, WI 53007-1706

**Alderman Joe Dudzik**
City Hall
200 E. Wells Street
Milwaukee WI 53202

**Meri Misko**
7791 Wyndham Hills Pkwy
Franklin, WI 53132

4

**Perry Wilk**
4605 N 107th St
Wauwatosa WI 53225

**Tim Olson**
1737 N. Palmer Street
Milwaukee WI 53202

**Kyle Zubke**
1906 Michigan Ave
Sun Prairie WI 53590

**Mike Meyer**
621 Bayberry Lane
Slinger, WI, 53086

**Cheri Ferraro**
2654 Fulton Street
Milwaukee, 53207

**Statement of the Background of All Expert Witnesses**

John Peters, a forensic accountant, is the Plaintiffs' only expert witness. (The Plaintiffs' own actual accountant will be testifying, but only as a fact witness, to explain what documents he normally prepares and how he prepares them; he will offer no opinions.)

Mr. Peters graduated magna cum laude from Rutgers University in 1978 with a B.A. in accounting and economics and has attended post-graduate courses in those fields at N.Y.U., George Washington University, and University of Colorado at Boulder. He has spent his entire career as a forensic accountant, with an emphasis on determining lost income. He has been employed by Campos & Stratis CPA in New

Jersey from 1977 to 1996 and Peters & Associates in Brookfield Wisconsin from 1996 – 2014.

A year ago, he left Peters & Associates to form Peters Financial Consulting, his own forensic accounting firm in Brookfield. He is a certified public accountant (CPA) and is also certified in financial forensics (CFF) by the American Institute of Certified Public Accountants (AICPA). He is a member of the AICPA, the Wisconsin Institute of Certified Public Accountants, and the Illinois Institute of Certified Public Accountants.

He has testified as a forensic accountant in over 50 cases in the past six years. A copy of his report, disclosed to opposing counsel over a year ago, is attached.

**List of All Exhibits to be Offered at Trial, Sequentially Numbered According to General L.R. 26**

This is filed as a separate document.

**Designation of all Depositions to be Read into the Records**

The Plaintiffs plan on using deposition transcripts only for the purposes of impeachment as needed.

**Estimate of Time Needed to Try the Case**

The Plaintiffs estimate that this case can be tried in three to four days.

**Proposed Voir Dire Questions**

This is filed as a separate document.

**Proposed Jury Instructions**

This is filed as a separate document.

6

Case 2:10-cv-00893-LA   Filed 01/16/15   Page 6 of 8   Document 104

**Proposed Verdict Form**

This is filed as a separate document.

**Certification of Status of Settlement Efforts**

Plaintiffs have made efforts to settle the case, by offering to engage in settlement negotiations several times throughout the pendency of this suit, by making verbal offers of settlement, and by making a written offer. The City did not respond to any offers.

**Stipulations That Will Save Time During the Trial**

The parties have agreed to stipulate that if Ferol had opened and operated a non-alcoholic club it could have (1) been open 24 hours a day, (2) presented fully nude entertainers, and (3) permitted customers who were eighteen years of age and older to enter.

No other formal stipulations have been decided upon, but counsel for both parties have worked co-operatively through the pretrial process and will continue to do so up to and during the trial. The parties have discussed each stipulating to the authenticity of each other's documents, and it is likely that such a stipulation will be entered into by the time of trial. The parties have agreed to exchange exhibits at the final pretrial conference, and at this time, based on telephone conversations about those exhibits, the Plaintiffs plan on objecting only to the admissibility of a 2010 email which the Defendant seeks to introduce into evidence.

Dated this 16th day of January, 2015.

Respectfully submitted,

Six Star Holdings, LLC, and Ferol, LLC,

Plaintiffs
By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar No. 1016284
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone: (608) 283-6001
Facsimile: (608) 283-0945
E-mail: jsolson@scofflaw.com

/s/ Jeff Scott Olson
_____
Jeff Scott Olson
ATTORNEYS FOR PLAINTIFFS

### Certificate of Service

I hereby certify that on Friday, January 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant City Attorneys Adam B. Stephens and Stuart Mukamal, Attorneys for the Defendants, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: The Honorable Lynn Adelman.

/s/ Jeff Scott Olson_____