# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC
and FEROL, LLC,

      v.                                  Case No. 10-cv-893

CITY OF MILWAUKEE

**PLAINTIFFS' OBJECTION**

**TO DEFENDANT'S PROPOSED JURY INSTRUCTION**

The Plaintiffs, Six Star Holdings, LLC, and Ferol, LLC, by their attorneys, The Jeff Scott Olson Law Firm, S. C. by Jeff Scott Olson, hereby submit the following objection to one of the Defendant's suggested pattern jury instructions.

In its Final Pretrial Report, the City has suggested that the Court read to the jury Seventh Circuit Pattern Instruction 1.31, entitled No Need to Consider Damages. This instruction says, "If you find for the Defendant on the question of liability, then you should not consider the question of damages."

The City seems to be having a hard time coming to grips with the fact that, as to the unconstitutionality of the theater ordinance and the public entertainment club ordinance, it has already lost on the issue of liability, but, Defendant's confusion notwithstanding, that is the circumstance in which it now finds itself.

See, e.g., this Court's March 18, 2013, Decision and Order (document 78) at p. 21:

> Accordingly, because the City has offered no legitimate explanation for its failure to render a prompt decision on Six Star's application for a theater license, plaintiffs' motion for summary judgment on the issue of whether the theater ordinance was unconstitutionally applied to it will be granted.

and the Court's August 28, 2013, Decision and Order (document 87) at p. 6:

> All that matters is that the ordinance imposed a prior restraint on Ferol's expressive activity and did not contain a time limit for the City to render a decision on whether Ferol would be permitted to engage in that activity. Thus, Ferol is entitled to damages for the period in which it refrained from engaging in such activity due to the ordinance's existence.

(internal citation omitted.)

Thus it would be completely inappropriate to give this instruction, inasmuch as liability has already been determined in the Plaintiffs' favor.

Moreover, as the court and the parties discussed at the final pretrial conference, since it will be the prudent course to have the jury answer the second question on the verdict form regardless of how it answers the first, no similar instruction should be given, either.

Dated this Friday, January 30, 2015.

Respectfully submitted,

Six Star Holdings, LLC, and Ferol, LLC,

Plaintiffs,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI 53703
Phone          608/283-6001
Fax     608/283-0945
Email:          jsolson@scofflaw.com

/s/ Jeff Scott Olson
_____
Jeff Scott Olson
ATTORNEY FOR PLAINTIFFS

**Certificate of Service**

I hereby certify that on Friday, January 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Assistant City Attorneys Adam B. Stephens and Stuart Mukamal, Attorneys for the Defendant, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/ Jeff Scott Olson

3