IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC,
and FEROL, LLC,

      v.                                                  Case No. 10-cv-893

CITY OF MILWAUKEE

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM ARGUING THAT PLAINTIFFS' CHALLENGES TO THEATER AND PUBLIC ENTERTAINMENT CLUB ORDINANCES WERE MADE IN BAD FAITH**

        Pursuant to F.R. Evid. 401, 402, and 403, the Plaintiffs, by their Attorneys, the Jeff Scott Olson Law Firm, S. C. by Attorney Jeff Scott Olson, hereby move the Court for an order precluding the Defendant from arguing that Plaintiffs or their counsel have acted in bad faith or taken advantage of a loophole in filing a challenges to the theater ordinance and the public entertainment club ordinance.

        Defense counsel has opined on several occasions that the constitutional challenges that Plaintiffs have brought against the City's theater ordinance and public entertainment club ordinance were a ruse, or a red herring, or were designed to take

advantage of a situation in which the City was already in the process of repealing and amending outdated ordinances. The Plaintiffs ask the Court for an order ruling that defense counsel be precluded from making such an argument to the jury. In support of this motion, the Plaintiffs assert the following.

It might please the City to see itself as the victim of sharp practice, but there is no evidence to support the theory that Plaintiffs are anything other than sincere in their assertions that the ordinances were unconstitutional impediments to them. There is also no way that the City can legitimately claim that is was surprised or prejudiced by this constitutional challenge. It is a matter of public record that Plaintiffs' counsel had, in an unrelated case, *Milwaukee Gay Arts Center, Inc. v. City of Milwaukee*, Case 08-cv-958-CNC, asserted that the theater ordinance was unconstitutional after the City raided an opening-night production of "Naked Boys Singing" for lack of a theater license in 2005. The constitutionality of the ordinance was not litigated to conclusion because the court ruled that the theater-licensing ordinance did not apply to non-profit organizations, and the case was resolved by settlement, but the City has certainly been on notice since at least 2008 that its theater ordinance lacked the requisite procedural safeguards, such as time limits, and was therefore unconstitutional. (E.D. Wis. Case No. 08-C-0958, dkt. # 16, 12.)

2

Finally, it is not as though the ordinances were dusty old relics that were not being enforced. As recently as November, 2011, Alderman Bauman had used the ordinance to hold up the application of Six Star to operate as a theater which had the dual effect of disallowing it to disseminate its erotic message and keeping it from seeking judicial review. (Decision and Order (dkt. # 78) March 18, 2013, 21).

Dated this Friday, January 30, 2015.

Respectfully submitted,

Six Star Holdings, LLC, and Ferol, LLC,

Plaintiffs,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI 53703
Phone      608/283-6001
Fax    608/283-0945
Email:      jsolson@scofflaw.com

/s/ Jeff Scott Olson
_____

Jeff Scott Olson
ATTORNEY FOR PLAINTIFFS

3

## Certificate of Service

I hereby certify that on Friday, January 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant City Attorneys Adam B. Stephens and Stuart Mukamal, Attorneys for the Defendant, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/ Jeff Scott Olson