# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC
and FEROL, LLC,

    v.                                                Case No. 10-cv-893

CITY OF MILWAUKEE

---

**PLAINTIFFS' SPECIFIC OBJECTIONS TO DEFENDANT'S**

**PROPOSED FORM OF SPECIAL VERDICT**

---

The Plaintiffs, Six Star Holdings, LLC and Ferol, LLC, by their attorneys, The Jeff Scott Olson Law Firm, S. C. by Jeff Scott Olson, hereby submit the following objections to the Defendant's proposed special verdict.

**Question No. 1.**

**Plaintiffs' formulation:**

1.     If the unconstitutional ordinances had not existed, would the Plaintiff, Ferol, LLC, have opened a non-alcohol-serving gentlemen's club at 117 West Pittsburgh Avenue before March 12, 2012?

**Defendant's formulation (emphasis supplied):**

1.  Would plaintiff Ferol, LLC have operated a dry gentlemen's club that offered exotic dance entertainment without serving alcoholic beverages to patrons at 117 West Pittsburgh Avenue *from September, 2010 to March, 2012* but for the existence of the former theater license *(Milwaukee Code of Ordinances § 83-1)* and the former public entertainment club license *(Milwaukee Code of Ordinances § 108-5)*?

    **A.**    **Objection No. 1.**

Plaintiff Ferol, LLC, is entitled to recover damages if it would have opened a dry club on Pittsburgh Avenue *at any time* prior to March, 12, 2012, the date the ordinances that have been declared unconstitutional were repealed. For example, if the jury believes that Ferol would have opened a club, but could not have opened for business until, say, November 1, 2010, or even May, 1, 2011, Ferol is still entitled to damages for the profits it lost over the period the unconstitutional ordinances prevented it from operating. Thus, it is improper to ask whether Ferol would have operated such a club "from September, 2010 to March, 2012." The plaintiff's formulation, which simply asks whether Ferol would have opened such a club at any time prior to March 12, 2012, is better.

    **B.**    **Objection No. 2.**

"March, 2012," is imprecise. The effective date of repeal was March 12, 2012.

    **C.**    **Objection No. 3.**

Specifying the ordinances by number invites the jury onto territory where it need not travel, and opens the door to speculation based on such things as the exact working

of the ordinances. Such matters are questions of law that have already been answered by the court. No good can come of submitting a verdict form that all but invites the jury to send out a request for "copies of Milwaukee Code of Ordinances § 83-1"and"Milwaukee Code of Ordinances § 108-5."

### Question No. 2.

### Plaintiffs' formulation:

Answer question number 2 regardless of how you have answered question no. 1.

2. What amount of profit would Plaintiff Ferol, LLC, have earned at a non-alcohol-serving gentlemen's club at 117 West Pittsburgh Avenue before March 12, 2012?

### Defendant's formulation (emphasis supplied):

If you have answered "Yes" to Question No. 1, then answer this question, otherwise do not answer it:

2. If plaintiff Ferol, LLC would have operated a dry gentlemen's club but for the existence of the former theater *(Milwaukee Code of Ordinances § 83-1)* and public entertainment club *(Milwaukee Code of Ordinances § 108-5)* license ordinances of the City of Milwaukee, what *damages is Ferol, LLC entitled to recover* for *the period in which the former theater and public entertainment club license ordinances prevented Ferol, LLC from operating a dry gentlemen's club at 117 West Pittsburgh Avenue, Milwaukee, Wisconsin*?

A. **Objection No. 1.**

The court should put a damages question to the jury no matter how it answers the first question, because a "no" answer to the first question might be reversed, either by this court on motions after verdict or by the Court of Appeals, and if it is, it will be a

3

step in the direction of judicial efficiency if a jury that has already heard all the evidence as to probable profit or lack thereof has gone on record with its verdict, so the trial need not be repeated.

### B. Objection No. 2.

The Plaintiffs have no objection to a question with an introductory clause, like, "*If, but for the unconstitutional ordinances, Plaintiff Ferol, LLC, would have opened a non-alcohol-serving gentlemen's club at 117 West Pittsburgh Avenue before March 12, 2012*, what amount of profit would it have earned before March 12, 2012? However, the Plaintiffs object to specific reference to the ordinances by number for the reasons stated above.

### C. Objection No. 3.

The Plaintiffs object to asking the jury, "What damages is Ferol, LLC *entitled* to *recover*?"

A big danger in this trial is that the jury's verdict will be infected by bias, rooted in moral or religious sentiment, against people in the nude-entertainment business. Experience teaches that not all such bias will be admitted during voir dire. The determination of whether a prospective juror is impartial is "difficult, partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it." *Smith v. Phillips*, 455 U.S. 209, 221-22 (1982) (O'Connor, J., concurring). One antidote to such bias infecting the verdict is to de-emphasize the jury's role as "the conscience of the community" or as executors of the law, and to continually emphasize

4

that their job is to find the facts, not to judge who "is entitled" to "recover" what. The jury's role as fact-finder is emphasized in Seventh Circuit Pattern Jury Instruction No. 1, (requested by the Defendant): "Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone."

The following, Joe Friday, just-the-facts-ma'am, formulation is better:

> If, but for the unconstitutional ordinances, Plaintiff Ferol, LLC, would have opened a non-alcohol-serving gentlemen's club at 117 West Pittsburgh Avenue before March 12, 2012, what amount of profit would it have earned before that date?

### D. Objection No. 4.

The Defendant's formulation invites the jury to determine "the period in which the former theater and public entertainment club license ordinances *prevented* Ferol, LLC, from operating a dry gentlemen's club at 117 West Pittsburgh Avenue, Milwaukee, Wisconsin"(emphasis supplied). This is a question of law, and it has already been determined that the Plaintiffs have standing in this lawsuit precisely because the unconstitutional ordinances prevented them from opening a dry club up to the date of their repeal on March 12, 2012. Whether they *would have opened* such a club if the ordinances had not existed is a question of fact, and is the first question on the verdict forms of both parties, but whether they were *prevented from* doing so by the unconstitutional ordinances is a question of law that has been decided by the Court and should not be revisited by the trier of fact.

Dated this Friday, January 30, 2015.

Respectfully submitted,

5

Six Star Holdings, LLC and Ferol, LLC,

Plaintiffs,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI 53703
Phone      608/283-6001
Fax    608/283-0945
Email:    jsolson@scofflaw.com

/s/ Jeff Scott Olson
_____

Jeff Scott Olson
ATTORNEY FOR PLAINTIFFS

### Certificate of Service

I hereby certify that on Friday, January 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Assistant City Attorneys Adam B. Stephens and Stuart Mukamal, Attorneys for the Defendant, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/ Jeff Scott Olson

6

Case 2:10-cv-00893-LA   Filed 01/30/15   Page 6 of 6   Document 110