UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC and
FEROL, LLC

        Plaintiffs,

v.                                    Case No. 10-C-893

CITY OF MILWAUKEE,

        Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBIT 1001

Now comes the defendant, City of Milwaukee, by counsel, City Attorney Grant F. Langley, by Assistant City Attorney Adam B. Stephens, to respectfully request the district court to deny the plaintiff's motion in *limine* (Document 105) to exclude defendant's trial exhibit #1001 (filed as Document 105-1).

Defendant's trial exhibit #1001 is an email from plaintiff Ferol LLC's owner and agent Jon Ferraro to Alderman Joe Dudzik that documents Ferraro's reaction to the City's regulatory system in September, 2010. It is probative and relevant per FRE 401 to the question before the jury in this case as to whether Jon Ferraro had concrete plans to open a dry gentlemen's club at 117 West Pittsburgh Avenue in September of 2010 but chose not to because of the existence of the former chp. 83 Theater and former chp. 108 Public Entertainment Club license ordinances. Ferraro's e-mail does not reference either Chapter 108 Public Entertainment Clubs or Chapter 83 Theaters at a

time critical to Ferraro's assessment that he would have opened such a dry club in September, 2010 but for the existence of those specific ordinances that same month. See, Document 79. It does not matter that it was written by Mr. Ferraro's "trial consultant and research specialist" because when he forwarded this e-mail, he adopted the information and conclusions contained therein to an elected official of the defendant City of Milwaukee. There is no need for the attorneys to explain their legal theories to the jury because it is plain from the email that Ferraro was not thinking about chps. 83 & 108 in September, 2010, contrary to his sworn statement in 2013.

For purposes of responding to this particular motion in *limine* by plaintiff, the defendant respectfully requests the district court to consider the only three written documents that suggest that Jon Ferraro did not have concrete plans to open a dry gentlemen's club at 117 West Pittsburgh Avenue in September, 2010 but for the existence of the former Chapter 83 Theaters ordinance and former Chapter 108 Public Entertainment Club license ordinance.

### **Document 79, dated March 25, 2013**

First, the sworn Declaration of Jon Ferraro dated March 25, 2013, filed in the above-captioned matter at Document 79, asserts the following information:

- Ferraro originally planned to open a club that presented erotic dance entertainment and sell alcoholic drinks (Document 79, ¶ 3).

- After being unable to obtain the necessary licenses to open an erotic dance entertainment club that sold alcoholic beverages ***in September, 2010,*** Ferraro "would have very much liked to have opened a club that presented erotic dance but did not sell alcoholic drinks." (Document 79, ¶¶ 5 and 6). However, "but for the Milwaukee Ordinances regulating public entertainment clubs, Chapter 108, and Theaters, Chapter 83, Ferrol, LLC, would have immediately [i.e., September, 2010] opened such a club at 117 West Pittsburgh Avenue for which premises Ferrol held a 30-year lease." (Document 79, ¶ 9).

**<u>Document 105-1, dated September 8, 2010.</u>**

However, Ferraro's September 8, 2010 e-mail to Milwaukee Alderman Joseph Dudzik contains no reference whatsoever to either the former Chapter 83 Theaters or Chapter 108 Public Entertainment Clubs ordinances. Because the e-mail was adopted by John Ferraro at the exact time he purports to have formed a belief that he would have opened a dry gentlemen's club but for the existence of those ordinances, the email directly contradicts the assertion at ¶ 9 of a document that he sworn and subscribed to on March 25, 2013.

**<u>Document 64-1, dated September 12, 2011</u>**

In further support that Mr. Ferraro was not dissuaded by the former ordinances from opening a dry gentleman's club at 117 West Pittsburgh

Avenue, Ferraro's own application for a theater license at another location is probative that his sworn statement at Document 79, ¶ 9 is not truthful.

On September 12, 2011, Jon Ferraro filed a license application to open a gentleman's club pursuant to the former Theater license of Chapter 83 of the Milwaukee Code of Ordinances for a location at 730 North Old Third Street. Document 64-1. Neither Mr. Ferraro, Ferol, LLC or any of the other variety of persons or entities related to the "Silk Group" ever filed any sort of theater license application for the premises located at 117 West Pittsburgh Avenue. A reasonable inference suggests that a dry club at 117 West Pittsburgh was never intended.

### **Defendant's Trial Exhibit #1001 (Document 105-1) is admissible evidence of a prior inconsistent statement by a party opponent.**

It is clear that Mr. Ferraro has contradicted his sworn March 26, 2013 assertion that he would have opened a dry gentlemen's club at 117 West Pittsburgh Avenue but for the existence of the Chapter 83 and Chapter 108 former licenses because one, he never mentioned either of this ordinances in an e-mail that he sent to a City alderman at the specific time alleged, in September, 2010, and again, one year later in September of 2011, Mr. Ferraro is applying for a theater license at a different location that is not subject to this jury trial. The fact that there is some evidence that Mr. Ferraro may have intended to open a dry gentlemen's club at 730 North Old World Third Street does not prove that he would have done so at 117 West Pittsburgh because the 730 property was a previously occupied and ready-made nightclub whereas the

location at 117 West Pittsburgh was an empty former warehouse that needed complete interior demolition and rehabilitation.

As the primary owner, member and operator of plaintiff Ferol, LLC, the jury decision in this case will weigh nearly exclusively on the credibility of Jon Ferraro. The combination of these three documents, the March 26, 2013 declaration, the September 8, 2010 e-mail, and the September 12, 2011 theater application for 730 North Old World Third Street are all relevant evidence that tends to show that it is more probable that Jon Ferraro is not telling the truth when he testifies that he had concrete plans and intended to open a dry gentlemen's club at 117 West Pittsburgh Avenue but didn't because of former chps. 83 & 108.

Therefore, the defendant City of Milwaukee requests the district court to deny the plaintiff's motion in *limine* to exclude defendant's Exhibit 1001 filed as Document 105-1 in the above-captioned matter.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2015.

                                        GRANT F. LANGLEY
                                        City Attorney

                                        s/ADAM B. STEPHENS_____
                                        State Bar No. 1033108
                                        Assistant City Attorney
                                        Attorney for Defendant
                                        City of Milwaukee

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI  53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
asteph@milwaukee.gov
212079/1081-2010-2885