UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SIX STAR HOLDINGS, LLC and
FEROL, LLC

        Plaintiffs,

v.                                          Case No. 10-C-893

CITY OF MILWAUKEE,

        Defendant.

---

## MOTIONS IN *LIMINE* OF DEFENDANTS

---

Now comes the defendant, City of Milwaukee, by Grant F. Langley, City Attorney, by Assistant City Attorney Adam B. Stephens, to respectfully request the following:

1. **For an order prohibiting plaintiff Ferol LLC from calling the following witnesses that were not previously identified by plaintiff in a Rule 26 Disclosure Report or subject to discovery by the defendant in this matter:**

    (a)    Chris Lichtenberg

    (b)    Alderman Joe Dudzik

    (c)    Tim Olson

    (d)    Mike Meyer

    (e)    Cheri Ferraro

    (f)    Paul Rodrigues

None of the above individuals were identified in plaintiffs' original or supplemental Rule 26(a)(1) disclosures relevant either to liability or damages.

Plaintiffs have not offered any written discovery responses identifying these individuals as potential witnesses, contrary to Plaintiff's Response to Defendant's First Set on Interrogatories March 7, 2014, Response 6. (Attached hereto). Because discovery is closed in this matter, the calling of these witnesses would be inherently prejudicial to the defendants.

Lastly, Paul Rodrigues is the defendant's expert accountant. Upon informant and belief, the plaintiffs may attempt to call Mr. Rodrigues in their case-in-chief by subpoena. This is may cause confusion to the jury, and surely will be a waste of time because it is likely that Mr. Rodrigues will be the sole defense witness in the City's case-in-chief.. Further, the plaintiffs themselves identify that *John Peters is "the plaintiffs' only expert witness."* Document 104, p. 5. See also, Response 6, Plaintiff's Response to Defendant's First Set on Interrogatories March 7, 2014. (Attached hereto).

**2. Defendant City of Milwaukee requests the court to prohibit the plaintiffs from introducing the following documents listed on the plaintiffs' trial exhibit form Document 104-2.**

(a) Proposed plaintiffs' Exhibit 17, attendance records at Badger and Packer games, on the basis that they are not relevant, FRE 401, are hearsay, FRE 802, and that no exception of the hearsay rule exists to permit their introduction, FRE 803.

(b) Proposed plaintiffs' Exhibit No. 19, survey of nonalcoholic clubs, on the basis that it is not relevant, FRE 401, is hearsay, FRE 802, and that

no exception of the hearsay rule exists to permit its introduction, FRE 803.

(c) Proposed plaintiffs' Exhibit No. 25, Silk customer survey, on the basis that it is not relevant, FRE 401, is hearsay, FRE 802, and that no exception of the hearsay rule exists to permit its introduction, FRE 803.

While the plaintiffs' expert John Peters may have relied upon the surveys of nonalcoholic clubs and Silk customers to formulate his expert opinion, he may appropriately base his expert opinions on those items only if similar surveys are reasonably relied upon by experts in the field. FRE 703. Even then, the court must balance their prejudicial effect with their relevance before admitting the surveys into evidence.

3. **Defendant objects to the plaintiffs' requested jury instruction before trial filed as Document 104-4.**

This requested instruction is incorrect. First, the court has not determined that the rights of plaintiff Ferol, LLC have been violated by the City of Milwaukee. That is, in fact, why we are having the jury trial. Second, the statements that the court had earlier held that the City ordinances were unconstitutional, and that it was not necessary for Ferol to have applied for a permit under either of these ordinances to pursue its claims, are also incorrect.

3

Case 2:10-cv-00893-LA   Filed 01/30/15   Page 3 of 5   Document 112

4. **Plaintiff Six Star Holdings LLC has abandoned its claim for alleged damages and neither plaintiff Six Star Holdings LLC or plaintiff Ferol LLC may seek damages in connection with the March 13, 2013 Decision and Order.**

In Plaintiffs' Response #7 to Defendant's First Set of Interrogatories, plaintiffs stated: "*Plaintiffs will not attempt to prove any damages in connection with the March 13, 2013 Decision and Order. The Plaintiffs will only be proving damages in connection with the August 28, 2013 Decision and Order.*" See, Response 7, Plaintiff's Response to Defendant's First Set on Interrogatories March 7, 2014. (Attached hereto).

Also, in Plaintiffs' Corrected Response to Defendants First Set of Requests to Admit dated March 24, 2014, plaintiff admitted that "*plaintiff Six Star Holdings LLC will not seek any alleged damages from the City of Milwaukee based upon the District Court's previous decisions and orders relative to its previous theater license application.*" (Also attached hereto).

5. **Defendant objects to the plaintiffs' special verdict that seeks the jury to answer the second question regardless of how question number 1 is answered.**

Defendant City believes that in the event the jury answers the first question in the negative, that plaintiff Ferol, LLC would not have opened a nonalcoholic gentlemen's club at 117 West Pittsburgh Avenue between September 2010 and March 2012, the jury should not answer what amount of profit the plaintiff would have earned at a non-existent facility that wouldn't have ever opened. Any other instruction would be confusing.

Dated and signed at Milwaukee, Wisconsin this 30th day of January, 2015.

                                                  GRANT F. LANGLEY
                                                City Attorney

                                                s/ Adam B. Stephens
                                                ADAM B. STEPHENS
                                                Assistant City Attorney

P.O. ADDRESS:                       State Bar No. 1033108
Suite 800                                  Attorneys for Defendants
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
asteph@milwaukee.gov
212092/1081-2010-2885