UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIX STAR HOLDINGS, LLC and
FEROL, LLC

        Plaintiffs,

v.                                                     Case No. 10-C-893

CITY OF MILWAUKEE,

        Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT

The City of Milwaukee respectfully requests the district court to deny the plaintiff's objections to defendant's proposed jury instructions and special verdict filed as Documents 107 and 110.

The jury in this case will determine whether or not Jon Ferraro is telling the truth that Ferol, LLC would have opened a dry gentlemen's club at 117 West Pittsburgh Avenue in September 2010 but for the existence of Chapter 83 and former Chapter 108 public entertainment club licensing ordinances of the City of Milwaukee. If the jury determines that Mr. Ferraro would not have opened a dry gentlemen's club, there is no reason to answer the question of damages to a facility that would not have existed. This is an either-or question and it would be inappropriate for the jury to speculate as to the amount of money a club that never would have existed would have made. If that sounds confusing, it is. But that would be the essence of what the plaintiffs seek by

answering the damages question notwithstanding the liability question to be determined first.

**The jury should be instructed that Plaintiff Ferol's alleged damages must be found between September, 2010 and March 12, 2012.**

Contrary to plaintiff's oft-assertions, the September, 2010 date is important; Plaintiff Ferol's as-applied standing in this case rests solely on Jon Ferraro's sworn statement to that date in Document 70, ¶¶ 6 & 9. The plaintiff should be bound to that date as a judicial admission.

Judicial admissions are stipulations by a party or its counsel that are binding upon the party making them. *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Judicial admissions may not be controverted at trial, and have the effect of withdrawing a fact from contention. *Id.*

**The jury should be instructed that in order to find for the plaintiff, the jury must find Ferol did not open a dry gentleman's club at 117 West Pittsburgh Avenue due to the specific existence of former chp. 83 Theaters and former chp. 108 Public Entertainment Club licensing ordinances.**

The names and numeric cites to the former ordinances are very important. Pursuant to the court's August 28, 2013 Decision and Order, Ferol must prove that it did not open a dry gentleman's club at 117 West Pittsburgh Avenue due to the specific existence of former chp. 83 Theaters and former chp. 108 Public Entertainment Club licensing ordinances. Simply referring to the former laws as unconstitutional removes a significant evidentiary burden from the plaintiff and is contrary to the court's decision. As mentioned in

previous filings, plaintiffs made lots of complaints about the constitutionality of several city ordinances; they have lost most of those arguments.

For example, on September 8, 2010, during the relevant timeframe, plaintiff Ferol LLC, through Jon Ferraro, adopted an email per FRE 801(d)(2)(B) that described how plaintiff thought the city's former zoning law was unconstitutional; but there was no specific reference to the former chp. 83 Theaters and former chp. 108 Public Entertainment Club licensing ordinances. This email is relevant evidence to attempt to disprove Ferraro's sworn statement in Document 79.

**Plaintiff must prove to the jury that Ferol did not open a dry gentleman's club at 117 West Pittsburgh Avenue due to the specific existence of former chp. 83 Theaters and former chp. 108 Public Entertainment Club licensing ordinances in order to have standing to claim and prove damages.**

It is very obvious that the parties have a considerable difference in opinion about what this jury trial is for. Plaintiffs believe it is simply a damages case. That is incorrect because the court's August 28, 2013 Decision and Order clearly requires plaintiff Ferol to prove the underlying facts that support its argument that Ferol has as-applied standing to claim damages: "[I]f Ferol establishes at trial that it would have operated a dry gentleman's club *but for the existence* of the *theater* and *public entertainment club* ordinances, it will be entitled to recover damages for the period in which the ordinances prevented it from doing so." (Emphasis added).

Dated at Milwaukee, Wisconsin, this 6th day of February, 2015.

        GRANT F. LANGLEY
        City Attorney

        s/ADAM B. STEPHENS_____
        State Bar No. 1033108
        Assistant City Attorney
        Attorney for Defendant
        City of Milwaukee

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI  53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
asteph@milwaukee.gov
212286/1081-2010-2885